MICHELLE L. MARRIOTT
(*pro hac vice* to be filed)
michelle.marriott@eriseip.com
ERIC A. BURESH
(*pro hac vice* to be filed)
eric.buresh@eriseip.com
MARK C. LANG
(*pro hac vice* to be filed)
mark.lang@eriseip.com
ERISE IP, P.A.
7015 College Blvd., Suite 700
Overland Park, KS 66211
Telephone: 913.777.5600
Facsimile: 913.777.5601

COUNSEL FOR SQUARE ENIX, INC. AND SQUARE ENIX LLC

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SQUARE ENIX, INC. and SQUARE ENIX LLC,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>UNILOC 2017, LLC,<br><br>　　　　Defendant. | Case No. [19-cv-001061]<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Square Enix, Inc. and Square Enix LLC file this Complaint for Declaratory Judgment against Uniloc 2017, LLC, and allege as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of non-infringement of U.S.

1  Patent Nos. 6,324,578 (the "'578 patent") and 7,069,293 (the "'293 patent")
2  (collectively the "Patents-in-Suit") arising under the Declaratory Judgment Act, 28
3  U.S.C. §§ 2201 and 2202, and the patent laws of the United States, including Title
4  35, United States Code.  *See* Exhibits 1 ('578 patent) and 2 ('293 patent).

5      2.    Uniloc USA, Inc. and Uniloc Luxembourg S.A., the predecessors-in-
6  interest to Uniloc 2017, LLC, previously asserted the '578 and '293 patents against
7  Square Enix, Inc. in litigation, seemingly alleging that the Final Fantasy XI and
8  Final Fantasy XIV (collectively, "Final Fantasy") "software licensing and delivery
9  system" infringes certain claims of the Patents-in-Suit.  *See Uniloc USA, Inc. and*
10 *Uniloc Luxembourg S.A. v. Square Enix, Inc.*, Complaint, Dkt. 1, Case No 2:16-cv-
11 00872 (E.D. Texas) (the "Texas Litigation").  In that litigation, Uniloc USA, Inc.
12 and Uniloc Luxembourg S.A. argued that that "there is no practical separation
13 between the operations of Square Enix, LLC [sic] and Square Enix, Inc." Dkt. 20
14 at 2.

15     3.    On July 25, 2017, Square Enix, Inc. filed a motion in the Texas
16 Litigation seeking to transfer the litigation from the Eastern District of Texas to the
17 Central District of California (the "Transfer Motion") in view of the Supreme
18 Court's then-recent decision in *TC Heartland LLC v. Kraft Foods Group Brands*
19 *LLC*, 137 S. Ct. 1514 (2017).  The Transfer Motion demonstrated that venue in
20 Texas is improper because Square Enix, Inc.—a Washington corporation with its
21 primary place of business in El Segundo, California and with no physical presence

in the Eastern District of Texas—did not reside in, and had no regular or established place of business in, the Eastern District of Texas.[1]  Texas Litigation Dkt. 17.

4. On September 28, 2017, the district court in the Texas Litigation determined that the claims of the Patents-in-Suit were patent ineligible under 35 U.S.C. § 101 in a related case (the "Related Case").  *Uniloc USA, Inc. v. ADP, LLC*, 279 F.Supp.3d 736 (E.D. Tex. 2017).

5. On November 7, 2017—after the Transfer Motion had been fully briefed but before the district court had ruled on it—Uniloc USA, Inc. and Uniloc Luxembourg S.A voluntarily dismissed the Texas Litigation without prejudice.

6. On information and belief, on May 3, 2018, Uniloc USA, Inc. and Uniloc Luxembourg transferred all of their rights in and to the Patents-in-Suit to Uniloc 2017.

7. Uniloc USA, Inc. and Uniloc Luxembourg S.A. appealed the district court's dismissal in the Related Case, and moved to substitute or, in the alternative, to join Uniloc 2017 in the appeal.  On May 24, 2019, the Federal Circuit joined Uniloc 2017 as a party, and reversed the district court's ruling in the Related Case as to the Patents-in-Suit, while affirming the district court's ruling as to other related patents.

8. Due to the Federal Circuit's reversal of the district court's ruling in the

---

[1] Square Enix LLC is a Delaware corporation with its primary place of business in El Segundo, California, and it likewise did not reside in, and had no regular or established place of business in, the Eastern District of Texas.  Both Square Enix, Inc. and Square Enix LLC continue to not reside in, and to have no regular or established place of business in, the Eastern District of Texas.

Related Case that the Patents-in-Suit were patent ineligible, Uniloc 2017 could and likely will re-assert the Patents-in-Suit against Square Enix, Inc. and/or Square Enix LLC. Uniloc USA, Inc. and Uniloc Luxembourg S.A. previously dismissed the Texas Litigation *without prejudice* in order to retain the ability to do so.

9.      Accordingly, an actual, substantial, and continuing justiciable controversy exists between Square Enix, Inc. and Square Enix LLC on the one hand and Uniloc 2017, LLC on the other hand with respect to the Patents-in-Suit.

**THE PARTIES**

10.     Plaintiff Square Enix, Inc. is a corporation organized under the laws of Washington, with its principal place of business at 999 N. Pacific Coast Highway, Third Floor, El Segundo, California.

11.     Plaintiff Square Enix LLC is a corporation organized under the laws of Delaware, with its principal place of business at 999 N. Pacific Coast Highway, Third Floor, El Segundo, California.

12.     Uniloc 2017, LLC is a Delaware corporation having places of business at 1209 Orange Street, Wilmington, Delaware 19801 and 620 Newport Center Drive, Newport Beach, California 92660.

**JURISDICTION AND VENUE**

13.     This action is based on the patent laws of the United States, Title 35 of the United States Code, § 1 *et seq.*, with a specific remedy sought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. An actual,

1  substantial, and continuing justiciable controversy exists between Square Enix, Inc. and Square Enix LLC on the one hand and Uniloc 2017, LLC on the other hand that requires a declaration of rights by this Court.

14. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1131 and 1338(a).

15. This Court has personal jurisdiction over Uniloc 2017, LLC.  Uniloc 2017 has a place of business located in Newport Beach, California, within this judicial district.  Uniloc 2017 can be served with process through its registered agent, CT Corporation System, 818 Seventh Street, Ste. 930, Los Angeles, California, 90017, also within this judicial district.  Further, Uniloc 2017 is an investment holding company primarily engaged in the business of patent licensing, and has initiated patent infringement lawsuits in this district and other districts in California, repeatedly availing itself to the benefits of this forum.

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## FACTUAL BACKGROUND

17. Uniloc 2017 is an investment holding company and patent-licensing entity that neither makes nor sells any products or services.

18. Uniloc 2017 purports to be the sole owner of all rights, by assignment, of the '578 patent, entitled "Methods, Systems and Computer Program Products for Management of Configurable Application Programs on a Network."

19. Uniloc 2017 purports to be the sole owner of all rights, by assignment,

1 of the '293 patent, entitled "Methods, Systems and Computer Program Products for

2 Distribution of Application Programs to a Target Station on a Network."

3     20.    On July 8, 2016, Uniloc USA and Uniloc Luxembourg filed suit

4 against Square Enix, Inc. alleging infringement of the '578 patent and '293 patent

5 in *Uniloc USA, Inc., et. al., v. Square Enix, Inc.*, Case No. 2:16-cv-00872-RWS

6 (E.D. Tex.).

7     21.    On September 28, 2017, the district court found the asserted claims of

8 the Patents-in-Suit to be drawn to ineligible subject matter and, therefore, invalid.

9 *Uniloc USA, Inc. v. ADP, LLC*, 279 F.Supp.3d 736 (E.D. Tex. 2017). Pursuant to

10 this ruling, Uniloc USA and Uniloc Luxembourg dismissed their case against

11 Square Enix, Inc. without prejudice.

12     22.    On May 24, 2019, the Court of Appeals for the Federal Circuit

13 reversed the District Court's finding that the '293 patent and '578 patent are patent

14 ineligible under §101, while upholding the District Court's finding that other

15 patents related to the '293 an '578 patents were directed to patent ineligible subject

16 matter. *Uniloc USA, Inc. v. ADP, LLC*, No. 2018-1132, 2019 WL 2245938 (Fed.

17 Cir. May 24, 2019).

18                               **FIRST CAUSE OF ACTION**

19           **(Declaratory Judgment of Non-Infringement of the '578 Patent)**

20     23.    This is a claim for declaratory judgment of non-infringement of the

21 '578 Patent. Square Enix, Inc. and Square Enix LLC incorporate by reference their

allegations contained in each of the preceding paragraphs of this Complaint as though fully set forth herein.

24. The '578 Patent is expired.

25. Uniloc has previously sued Square Enix, Inc. in the Texas Litigation, accusing the Final Fantasy "software licensing and delivery system" of infringing certain claims of the '578 Patent. In that litigation, Uniloc argued that "there is no practical separation between the operations of Square Enix, LLC [sic] and Square Enix, Inc."

26. Square Enix, Inc. and Square Enix LLC did not infringe and are not infringing, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '578 Patent.

27. Square Enix, Inc. and Square Enix LLC are entitled to a judicial declaration and order that they do not infringe any claim of the '589 Patent.

## SECOND CAUSE OF ACTION

**(Declaratory Judgment of Non-Infringement of the '293 Patent)**

28. This is a claim for declaratory judgment of non-infringement of the '293 Patent. Square Enix, Inc. and Square Enix LLC incorporate by reference their allegations contained in each of the preceding paragraphs of this Complaint as though fully set forth herein.

29. Uniloc has previously sued Square Enix, Inc. in the Texas Litigation, accusing the Final Fantasy "software licensing and delivery system" of infringing

certain claims of the '293 Patent. In that litigation, Uniloc argued that that "there is no practical separation between the operations of Square Enix, LLC [sic] and Square Enix, Inc."

30. Square Enix, Inc. and Square Enix LLC are not infringing and have not infringed, directly or indirectly, literally or under the doctrine of equivalents, any claim of the '293 Patent.

31. Square Enix, Inc. and Square Enix LLC are entitled to a judicial declaration and order that they do not infringe any claim of the '293 Patent.

## PRAYER FOR RELIEF

WHEREFORE, Square Enix, Inc. and Square Enix LLC pray for a declaratory judgment against Uniloc 2017, LLC as follows:

A. A declaration that Square Enix, Inc. and Square Enix LLC have not infringed and are not infringing any claim of the '578 or '293 Patents;

B. A declaration that this is an exceptional case within the meaning of 35 U.S.C. § 285;

C. An award of costs and reasonable attorneys' fees to Square Enix, Inc. and Square Enix LLC; and

D. Such other and further relief as the Court deems just and reasonable.

**JURY TRIAL IS DEMANDED ON ALL ISSUES SO TRIABLE**

Pursuant to Fed. R. Civ. P. 38(b) and Local Rule 38-1, Plaintiffs Square Enix, Inc. and Square Enix LLC hereby demand a trial by jury of all issues triable before

a jury.

Dated: May 31, 2019

Respectfully submitted,

/s/Chris R. Schmidt
Chris R. Schmidt (SBN 298761)
chris.schmidt@eriseip.com
Michelle L. Marriott (*pro hac vice* to be filed)
michelle.marriott@eriseip.com
Eric A. Buresh (*pro hac vice* to be filed)
eric.buresh@eriseip.com
Mark C. Lang (*pro hac vice* to be filed)
mark.lang@eriseip.com
ERISE IP, P.A.
7015 College Blvd., Suite 700
Overland Park, KS 66211
Phone: (913)777-5600
Fax:   (913)777-5601

*Attorneys for Plaintiffs Square Enix, Inc. and Square Enix LLC*